UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Morrison, *on behalf of himself and others similarly situated*,<br><br>                              Plaintiff,<br><br>v.<br><br>Entrust Corporation; and Entrust MN Corporation,<br><br>                              Defendants. | Case No. 23-cv-0415 (WMW/ECW)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff James Morrison seeks preliminary approval of a class action settlement of claims against Defendants Entrust Corporation and Entrust MN Corporation ("Entrust"). Plaintiff and Defendants entered into a Stipulation and Agreement of Settlement dated August 14, 2023 ("Stipulation"), which provides for a complete dismissal with prejudice of the claims against Defendants in this action, as well as a release of claims on the terms and conditions set forth in the Stipulation. Plaintiff now moves, pursuant to Rule 23, Fed. R. Civ. P., for an order preliminarily approving the Settlement in accordance with the Stipulation. The Court has reviewed and considered all papers filed in connection with Plaintiff's unopposed motion. For the reasons addressed below, the Court finds that the requirements for granting preliminary approval of the Settlement are otherwise satisfied. Accordingly, the Court grants Plaintiff's unopposed motion.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**

1. **<u>Preliminary Approval of Settlement</u>** – Upon preliminary review, the Court finds the Settlement is fair, reasonable and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, that the Settlement treats the Settlement Class Members equitably and all of the other factors required by Rule 23, Fed. R. Civ. P., and relevant case law.

2. **<u>Settlement Hearing</u>** – A Final Fairness Hearing shall be held at 9 AM on April 4, 2024, at the United States District Court for the District of Minnesota, 316 N. Robert St., St. Paul, MN 55101, where the Court will determine, among other things, whether: (i) this Litigation should be finally certified as a class action for settlement purposes pursuant to Rule 23(a) and (b)(3), Fed. R. Civ. P.; (ii) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Rule 23(e), Fed. R. Civ. P.; (iii) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iv) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (v) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Rule 23(h) and (vi),

Fed. R. Civ. P., the application of the Class Representative for a Service Award should be approved. Notice of the Settlement and Hearing shall be given to Settlement Class Members as set forth in Paragraph 5 of this Order.

3. The Court may adjourn the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

4. **Class Certification for Settlement Purposes**. The Settlement Agreement provides for a Settlement Class defined as follows:

> A. All individuals known to reside in the U.S. whose Private Information was potentially compromised as a result of the Data Incident discovered by Entrust Corp. and/or Entrust MN Corp. on or about June 18, 2022.

Specifically excluded from the Settlement Class are:

> B. (1) The judges presiding over this Litigation, and members of their direct families; and (2) Settlement Class Members who submit a valid request for exclusion prior to the Opt-Out Deadline.

Pursuant to Rule 23(e)(1), Fed. R. Civ. P., the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement only because it meets all of

the requirements of Rule 23(a), Fed. R. Civ. P., and the requirements of Rule 23(b)(3), Fed. R. Civ. P.. Specifically, the Court finds for settlement purposes that: (i) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (ii) there are issues of law and fact that are common to the Settlement Class; (iii) the claims of the Class Representative are typical of those of the Settlement Class Members; (iv) the Class Representative will fairly and adequately protect the interests of the Settlement Class; (v) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members and (vi) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

5.  **Manner of Giving Notice** – The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

6.  **Approval of Form and Content of Notice** – The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice program and the Settlement Agreement and its exhibits: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves

4

from the proposed Settlement and other rights under the terms of the Settlement Agreement; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement and (iv) satisfies the requirements of Rule 23(c), Fed. R. Civ. P., the United States Constitution, including the Due Process Clause, and all other applicable law and rules. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology and is designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

7. **Class Action Fairness Act Notice** – Within ten (10) calendar days after the filing of this Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendants shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

8. **Exclusion from Class** – Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator in the manner provided in the Notice. The written notice must clearly manifest an intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) calendar days from the Notice Date.

If Defendants void the Settlement Agreement according to its terms, Defendants will be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs and expenses of Class Counsel and the Service Award to the Class Representative and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

The Settlement Administrator shall promptly furnish to Class Counsel and to Defendants' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

9. **<u>Objections and Appearances</u>** – The Notice shall advise Settlement Class Members of the deadline for submission of any objections (the "Objection Date"). A Settlement Class Member, who does not submit a timely written request for exclusion, desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court and to e-mail copies to Class Counsel and Defendants' counsel. Any such notices of an intent to object to the Settlement Agreement must be

written and must include all of the following: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) a statement specifying the grounds for the objector's belief that he or she is a Settlement Class Member; (v) a statement identifying the number of class action settlements objected to by the Settlement Class Member in the last five years or an affirmative statement that the Settlement Class Member has objected to no such settlements in the last five years; (vi) the identity of any attorneys representing the objector (if any); (vii) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Fairness Hearing and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

To be timely, written notice of an objection in the appropriate form must contain the case name and docket number *Morrison v. Entrust Corp., et al.*, *Case No. 0:23-cv-00415 (WMW-ECW)* and must be filed with the Clerk of Court by the Objection Date, which is no later than sixty (60) calendar days from the Notice Date, and served concurrently therewith upon Class Counsel and Defendants' Counsel, postmarked by the Objection Date, established by this Preliminary Approval Order and as stated in the Notice.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately, to object to the Settlement Agreement and/or to seek review of the Settlement Agreement and/or Final Approval Order by appeal or any other means and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the

Litigation. The provisions stated in paragraph 81 of the Settlement Agreement be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

10. **Settlement Class Representatives and Settlement Class Counsel** – The Court finds that Plaintiff will likely satisfy the requirements of Rule 23(e)(2)(A), Fed. R. Civ. P., and should be appointed as the Class Representative. Additionally, the Court finds that Raina Borrelli of the law firm TURKE & STRAUSS LLP will likely satisfy the requirements of Rule 23(e)(2)(A), Fed. R. Civ. P., and should be appointed as Class Counsel pursuant to Rule 23(g)(1), Fed. R. Civ. P.

11. **Settlement Administrator** – The Court appoints RG2 as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

12. **Claims Process** – Settlement Class Counsel and Defendants have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. The Settlement Administrator is authorized to review all submitted Claim Forms to determine eligibility for payment, as further set forth in the Settlement Agreement. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13. **Termination of Settlement** – This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (i) the Court does not enter this Preliminary Approval Order; (ii) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement or (iii) there is no Effective Date. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel, (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or

in any other proceeding for any purpose other than as necessary to enforce the terms of the Settlement Agreement that survive termination and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14. **Use of Order** – This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered and there is no Effective Date and shall not be construed or used as an admission, concession or declaration by or against Defendants of any fault, wrongdoing, breach or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession or declaration by or against the Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15. **Stay of Litigation** – All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. No discovery with regard to the Settlement shall be permitted as to any of the settling parties, except limited discovery taken by Class Counsel and/or Defendants on any objector consistent with the Federal Rules of Civil Procedure. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

16. **Schedule and Deadlines** – The Court orders the following schedule of dates for the specified actions/further proceedings:

| **Grant of Preliminary Approval** | **Deadline** |
|---|---|
| Settlement Administrator Provides W-9 to Entrust | 5 days after Preliminary Approval Order |
| Entrust Provides List of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval |
| Entrust Provides CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 30 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Date | No later than 45 days after Preliminary Approval |
| Reminder Notice | Any time prior to claims deadline (if needed) |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 45 days after Notice Date |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Settlement Administrator Provides List of Objections/Opt-Outs to Counsel for the Parties | 70 days after Notice Date |
| Initially Approved Claims List | 35 days after Claims Deadline |
| Initially Rejected Claims List | 35 days after Claims Deadline |
| Parties' Challenge to Any Claims | 35 days from Initially Approved Claims List |
| | |
| **Final Fairness Hearing** | Set by the Court at least 120 days after the Preliminary Approval Order |
| Motion for Final Approval | 14 days before Final Fairness Hearing Date |
| Settlement Administrator Provides Notice of Opt-Outs and/or Objections | 14 days before Final Fairness Hearing Date |
| | |
| **Final Approval** | |
| Effective Date | 35 days after Final Approval Order |
| Payment of Attorneys' Fees and Expenses | 7 days after Effective Date |
| Class Representative Service Award | 10 days after Effective Date |
| Settlement Website Deactivation | 60 days after Effective Date |

11

Dated: November 30, 2023                         s/ Wilhelmina M. Wright
                                                  Wilhelmina M. Wright
                                                  United States District Judge